Seaward *v.* Lord.

---

### SEAWARD *v.* LORD.

Where the maker of a promissory note denied his signature, declaring the note to be a forgery; but said that *if it could be proved that he signed the note, he would pay it ;* and it was proved at the trial that he did sign it; this was held sufficient to take the case out of the Statute of Limitations.

*Assumpsit* on a promissory note for fifty dollars dated *March* 19, 1809, alleged to have been made by the defendant, payable to *George Hamlin* or bearer. The defendant pleaded the general issue, and *non assumpsit infra sex annos*, which issues were joined.

The defendant denying that he signed the note, several witnesses were called who testified to the handwriting, and that they had no doubt but it was his signature. To take the case out of the Statute of Limitations the plaintiff called a witness who testified that about two years since, the plaintiff sent the note to him requesting him to apply to the defendant for payment—that the defendant soon after called on him, and inquired if he held a note against him, and wished to see it—and after looking at it pronounced it a forgery, saying that he never signed it, and never had paid it, and never would pay it:—but also said that if he had signed it, or if it could be proved that he signed it, he would pay it.

On this evidence the Judge who presided at the trial of the cause instructed the jury to find for the plaintiff, if they believed that the defendant did promise that he would pay the note provided it could be proved that he signed it, and that in truth he did sign the note : and they accordingly returned a verdict for the plaintiff, which was taken subject to the opinion of the whole Court upon the case as reported by the Judge.

*Emery*, for the defendant.

There is a strong current of public sentiment against those cases which go constructively to repeal the Statute of Limitations. They are already repudiated in the commercial world, and ought to be rejected universally. The statute is highly beneficial, and ought not to receive a strict construction.

It is preposterous to treat a denial of the genuineness of a note as a promise to pay it if genuine :—or a denial of debt as a promise to pay :—and yet the evidence in this case amounts to nothing more than a strong asservation on the part of the defendant that the signature was a forgery, and his firm conviction that the plaintiff could never prove it otherwise. 4 *Maule & Selw.* 457.

*Burleigh* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court, to the following effect.

By the report of the Judge it appears that about two years before the commencement of the action, the defendant, in conversation with the plaintiff's agent, denied that he ever signed the note in question, and declared it a forgery :—but at the same time observed that *if it could be proved that he signed it, he would pay it.* The Judge before whom the cause was tried instructed the jury that if they believed from the evidence offered by the plaintiff that the defendant *did* sign the note, *then* the promise which he made to the defendant was binding, and took the case out of the Statute of Limitations ;— and we do not perceive any incorrectness in this opinion. When a promise is made *on condition,* if the condition be performed, the promise then becomes *absolute* :—and surely an absolute promise made within six years would be sufficient. The case of *Heylings v. Hastings,* 1 *Salk.* 29. is in point. 1 *Ld. Raym.*

389. 421. *Carth.* 470. 5 *Mod.* 425. *S. C.* cited in 3 *Esp. Rep.* 157. *note* (2) as a leading case.

It was said at the bar in the argument of this question, that the English Courts are adopting more strict rules than they have heretofore admitted, as to the nature of the acknowledgement or promise which is considered sufficient to take a case out of the statute. But however the Courts of a foreign country may judge it proper and prudent to narrow the principles which have been so long established and recognized as correct, we do not perceive any reason for changing the course of decisions here. The case cited from *Maule & Selwyn* is not so strong as the case at bar. In that case, the defendant indeed did admit the signature, but declared that the receipt was barred by the statute—was not worth any thing—and that he never would pay the sum demanded. Surely this could not be considered as a new promise, or an acknowledgement; and the nonsuit was proper.

*Judgment according to the verdict.*